In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4207

Robert Anthony Johnson,

Plaintiff-Appellant,

v.

City of Evanston, Illinois, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4659--William J. Hibbler, Judge.

Submitted April 23, 2001--Decided May 11, 2001

Before Easterbrook, Manion, and Diane P.
Wood, Circuit Judges.

Easterbrook, Circuit Judge.  Robert
Johnson took his car to Doc Able's Auto
Clinic in Evanston to check a leak. On
being told that costly repairs were
necessary, he instructed the Clinic not
to do the work and set off to retrieve
his car. When he arrived, however, the
Clinic told him that the work had been
done anyway and that the bill was more
than $950. Johnson refused to pay, and
the Clinic allowed him to drive home
after the parties agreed to resolve their
dispute in court. Five days later,
however, the Clinic had someone steal
Johnson's car. (We use the word "steal"
advisedly. Illinois does not permit auto
mechanics to "repossess" cars, as secured
lenders may do under the Uniform
Commercial Code. See Leavitt v. Charles
R. Hearn, Inc., 19 Ill. App. 3d 980, 312
N.E.2d 806 (1st Dist. 1974).) With the
vehicle in its possession, the Clinic
phoned Johnson and demanded $1,937 for
repairs and "storage fees" as the price
of its return.

Hopping mad, Johnson called the police--
who took the Clinic's side. They refused
to prosecute the Clinic or any of its
employees, refused to accept Johnson's
written complaint, and, to top it off,
forbade the Clinic to return Johnson's

car. After the Clinic's owner came to doubt his legal authority to retain the car, and offered to hand it back to Johnson pending judicial resolution of the dispute about the bill, Officer Susan Trigourea told Johnson that he could not remove his car from the Clinic's premises. With the support of her superior, Sergeant Clarence Fulce, Trigourea told both Johnson and the Clinic that the police department was itself taking custody of the car, which it would leave with the Clinic for safekeeping. Trigourea and Fulce also prohibited Johnson from removing his belongings from the car, even though the Clinic could not possibly have a lien on the baby stroller, work uniforms, and military documents in the vehicle. There matters have stood since July 2000: the Clinic holds the car as the agent of the Evanston Police Department.

So, at least, the complaint in this action under 42 U.S.C. sec. 1983 contends, and we must assume that all of its allegations are factual. The City, the Clinic, and both officers are named as defendants, and Johnson wants his car back plus damages for loss of its use. But the district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6). The only analysis in the court's order reads: "[E]ven if [the police] in fact seized the car, they seized it from [the Clinic], not from [Johnson]. Plaintiff has failed to state a Federal cause of action against any of the Defendants." The court added that the amount in controversy is less than $75,000 so that federal jurisdiction is lacking--though there is no amount-in-controversy requirement for litigation under sec.1983 (see 28 U.S.C. secs. 1331, 1343(a)(3)) and Johnson did not seek to invoke the diversity jurisdiction. Whether any state-law claims come within the supplemental jurisdiction under 28 U.S.C. sec. 1367 is a subject we need not address, for on appeal Johnson has abandoned his claim against the Clinic. The only question now on the table is whether the complaint states a claim under sec.1983 against the City and the two officers--which it does.

Johnson alleges that the police have seized his property without probable cause, indeed without a scintilla of justification. That someone else had stolen

his property before the police glommed onto it hardly justifies its perpetual loss. If the police were using the car as evidence in a prosecution of whoever stole it (or to prosecute the Clinic for being the recipient of stolen property), then Johnson might have to wait a while. But if the facts are as the complaint alleges, then the police have simply replaced the thief as the holder of stolen property, without any colorable claim of authority, and thus have violated Johnson's rights--by seizing his property unreasonably, and by retaining it without due process of law. The police do not contend that Johnson has a remedy under state law, for the state courts might supply whatever process is due for wrongful detention of property. See Lujan v. G&G Fire Sprinklers, Inc., No. 00-152 (U.S. Apr. 17, 2001); Parratt v. Taylor, 451 U.S. 527 (1981). Instead the police and the City contend that Johnson has no remedy, period. That just makes Johnson's constitutional point. The Constitution's requirements are as applicable to the police when they choose sides in a dispute among citizens as when they seize evidence for use in criminal prosecutions. See, e.g., Soldal v. Cook County, 506 U.S. 56 (1992); Guzell v. Hiller, 223 F.3d 518 (7th Cir. 2000).

  Many steps in Johnson's narration entail no federal claim. For example, the Clinic's acquisition of his car from the public streets may violate Illinois law, but the Clinic did not act under color of state law and so cannot be liable for this deed under sec.1983. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). The police are state actors (everything they did or did not do was official business), but Johnson lacks standing to complain about their refusal to prosecute the Clinic. See Linda R.S. v. Richard D., 410 U.S. 614 (1973); Leeke v. Timmerman, 454 U.S. 83 (1981); Allen v. Wright, 468 U.S. 737 (1984). More generally, any failure by the police to protect Johnson from the Clinic, perhaps by ordering the Clinic to release his car, raises issues under state rather than federal law; as a rule, the Constitution does not require states to protect citizens from each other. See DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989); Archie v. Racine, 847 F.2d 1211 (7th Cir. 1988) (en banc). (Johnson does not

contend that the police gave him less protection than persons of another race or sex; to the contrary, he alleges that the police implemented a policy of Evanston to back up merchants' claims without regard to the facts.) According to Johnson's complaint, however, the police did not remain passive; they intervened and took control of his car. That seizure had to be reasonable under the fourth amendment, and a condition to the exercise of continuing public dominion over private property is the offer of a hearing to determine who is in the right.

It is not dispositive that the police seized the car from the Clinic rather than Johnson. This would be plain enough if the police had seized the swag from a bank robber; they could not defeat a claim by the bank for the return of its money by observing that the thief laid hands on the cash first. Likewise Evanston's police may not detain a person indefinitely just because Chicago's police made the arrest and turned the suspect over. Each day, indeed each hour, of additional detention must be reasonable, and within 48 hours of any arrest the suspect is entitled to a hearing to determine whether that condition is satisfied. Riverside County v. McLaughlin, 500 U.S. 44, 57 (1991); Gerstein v. Pugh, 420 U.S. 103 (1975). What is true of persons is true of property too, although the timetable need not be so abbreviated. Indefinite public detention of funds can violate the Constitution when it deprives the owner of interest on the money. See Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 (1980). Just as interest represents the time value of money, so the cost of alternative transportation represents the time value of an automobile. Deprived of his own car, Johnson had to obtain transportation from another source. The expense of doing this, whether by renting a car or by buying a new one (in the expectation of reselling it when the first is returned), is the value of the lost use, the implicit rental value of the vehicle. Evanston's police force could deprive Johnson of that value only if the deprivation was reasonable at the outset and process was available to test the length of (and continued justification for) the deprivation. So far as Johnson's

complaint reveals, however, neither the reasonableness requirement nor the due-process requirement has been satisfied.

Because Johnson alleges that the officers carried out Evanston's policy, the City is not entitled to dismissal under Monell v. New York Department of Social Services, 436 U.S. 658 (1978). How much of the claim can survive a motion for summary judgment remains to be seen, for discovery lies ahead. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.