# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1846

_____

Enoch E. Gould,                                              *
                                                            *
          Appellant,                         *
                                                            *
      v.                                        *    Appeal from the United States
                                                            *    District Court for the
Timothy Faver; Randal R. Burg; David    *    District of Minnesota.
P. Frank; Joseph J. Gould; Jeannine        *
Gould; Winfield W. Gould; Michael M.   *           [UNPUBLISHED]
Gould; Samuel S. Gould; Stephen S.         *
Gould; Judy Gould; Peter P. Gould;         *
Elaine Gould; Roland L. Sarratt; Frank    *
Fann; Douglas Ferrier; Ryan K. Kieson,  *
                                                            *
          Appellees.                         *

_____

Submitted: March 3, 2006
Filed: March 9, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Enoch Gould (plaintiff) appeals from the district court's[1] order granting defendants' various motions for judgment on the pleadings and to dismiss, in this suit brought under 42 U.S.C. §§ 1983 and 1985(3). Following our de novo review, *see Syverson v. Firepond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (grant of judgment on pleadings reviewed de novo); *MM&S Fin., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 364 F.3d 908, 909 (8th Cir. 2004) (grant of motion to dismiss reviewed de novo), we affirm.

Specifically, we agree with the district court that plaintiff's section 1983 claim against the three state defendants (attorneys for a county) fails for lack of standing or, alternatively, for failure to assert a deprivation of a cognizable constitutional right. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 & n.6 (1973) (plaintiff lacked standing to challenge state criminal statute for its failure to criminalize certain conduct because she could not show direct nexus between the lack of prosecution of another and vindication of her interests; as private citizen, she lacked judicially cognizable interest in prosecution of another); *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001) (defendants were state actors for purposes of § 1983 claim, but plaintiff lacked standing to complain about their refusal to prosecute another; failure to protect plaintiff from other citizen raises issue under state law rather than federal law because Constitution does not require states to protect citizens from each other (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189 (1989)).

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

The district court also correctly dismissed plaintiff's section 1983 claim against the remaining defendants, all of whom are undisputedly private actors. *See Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005) (under § 1983, plaintiff must establish not only that private actor caused deprivation of constitutional rights, but also that private actor willfully participated with state officials and reached mutual understanding concerning unlawful objective of conspiracy).

Finally, we hold that the district court did not err in dismissing plaintiffs' section 1985(3) claims against the private-actor defendants because, even assuming plaintiff sufficiently alleged an invidiously discriminatory class-based animus due to his religious beliefs, none of the rights allegedly targeted by the conspiracy are constitutionally protected from private encroachment. *See Federer v. Gephardt*, 363 F.3d 754, 759-60 (8th Cir. 2004) (for private conspiracy to come within ambit of first clause of § 1985(3), plaintiff must establish (1) that racial or otherwise class-based invidiously discriminatory animus lay behind conspiracy and (2) that conspiracy was aimed at interfering with right protected against private, as well as official, encroachment; First Amendment rights are not protected against private encroachment under § 1985(3)); *Med. Inst. of Minn. v. Nat'l Ass'n of Trade & Technical Sch.*, 817 F.2d 1310, 1312 (8th Cir. 1987) (private action, no matter how egregious, cannot violate federal constitutional equal protection or due process guarantees).

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____