**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1061

| | |
|---|---|
| JOHN J. DAVIT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 4883 |
| CATHY C. DAVIT, *et al.,* *Defendants-Appellees.* | Mark R. Filip, *Judge.* |

**O R D E R**

John Davit filed a lawsuit in federal district court under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, seeking damages for conduct during earlier state-court divorce proceedings. The district court dismissed the suit for lack of jurisdiction under the *Rooker-Feldman* doctrine.

---

[*] On January 23, 2006, we granted William J. Stogsdill, Jr.'s motion for non-involvement. Accordingly, this appeal has been submitted without the filing of a brief by Stogsdill. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Alternatively the district court dismissed the suit under Fed. R. Civ. P. 12(b)(6) for Davit's failure to state a RICO claim, and additionally dismissed the state judges who presided over the divorce proceeding on the basis of judicial immunity. We affirm the dismissal based on the alternate grounds provided by the district court.

John and Cathy Davit dissolved their marriage in the Circuit Court of DuPage County, Illinois in 1998. The state appellate court affirmed in 2000, and the Illinois Supreme Court denied review in 2001. John Davit, apparently displeased with the outcome of the divorce proceeding, filed a pro se complaint in federal court in 2003 against his ex-wife, Cathy Davit; two state judges who presided over the divorce proceedings, Judges Rodney Equi and James Jerz; Mrs. Davit's attorney in the divorce proceedings, William Stogsdill, Jr.; one of Mr. Davit's own former attorneys from the divorce proceedings, Joseph Glimco III; and the Village of Lisle.

John Davit claimed that his ex-wife made financial misrepresentations during the divorce that amounted to fraud. Next he claimed that his ex-wife's attorney Stogsdill conspired with the judges in the divorce proceeding in a crooked plan to control the evidence that was admitted and to overlook evidence of his ex-wife's forgery. He also claimed that Stogsdill conspired with the Lisle Police Department to overlook an alleged assault on Davit's son by one of his ex-wife's friends. Davit claimed that his former attorney Glimco aided Stogsdill in the "overall extortion and racketeering plan." Finally he claimed that Judges Equi and Jerz, who both presided over portions of the state divorce proceedings, misused their judicial authority in their corrupt administration of the case. In 2004, John Davit amended his complaint, claiming that the defendants' collective actions violated RICO and that the defendants had conspired to financially destroy him by falsely accusing him of hiding $2 million.

In dismissing Davit's suit under *Rooker-Feldman*, the district court reasoned that John Davit's alleged injuries "resulted from and are inextricably intertwined with the state court decisions that he views as unfavorable to him." It also ruled that Judges Equi and Judge Jerz enjoy "absolute judicial immunity."

The court then held that to the extent that the *Rooker-Feldman* doctrine did not bar Davit's federal RICO claims, Davit failed to state a cause of action, *see* Fed. R. Civ. P. 12(b)(6). First the court held that Davit did not state a claim under 18 U.S.C. § 1962(a) because he "failed to allege that any of the Defendants have utilized income received from a pattern of racketeering activity in the operation of the Circuit Court of DuPage County." Davit did not state a claim under § 1962(b)

because he did not allege "that the Defendants acquired or maintained any interest in the DuPage County Court system." Davit also failed to state a claim under § 1962(c) because, other than the allegations against the judges who were dismissed, there were no allegations that any of the defendants participated in the operation or management of the Circuit Court of DuPage County. Finally the court explained that Davit's reliance on 18 U.S.C. § 1503 and §§ 1510-13 was also misplaced. The rulings on these other statutes are not challenged here.

We first address the district court's dismissal under *Rooker-Feldman,* the doctrine under which federal district courts lack jurisdiction over cases brought by state-court losers who seek review and rejection of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S.Ct. 1517, 1521-22 (2005). John Davit argues that the district court did not lack jurisdiction over his federal complaint because he was not seeking review or rejection of state court rulings. Instead he contends that the defendants conspired to deny him an honest tribunal in his divorce case "with intent toward their extortion plot for the alleged $2 million of John Davit." We recently reaffirmed our precedent holding that the *Rooker-Feldman* doctrine does not apply to claims that a "defendant in a civil rights suit 'so far succeeded in corrupting the state judicial process as to obtain a favorable judgment.'" *Loubser v. Thacker*, No. 05-3058, 2006 WL 549011, at *2 (7th Cir. Mar. 8, 2006) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). And though Davit's suit was not brought under § 1983, he raised similar claims of judicial corruption that went to the heart of the administration and resolution of his divorce proceedings. Thus, though the state court judgment is related to his RICO claim, he is not jurisdictionally barred by *Rooker-Feldman.*

But we affirm the district court's dismissal based on its alternative holding that Davit failed to state a RICO cause of action against the defendants. Davit does not argue that the district court erred in dismissing his RICO suit for failure to state a legal claim. And we have repeatedly held that, in the case of alternative holdings, failure to address one of the holdings results in waiver of any claim of error with respect to the court's decision on that issue. *Hess v. Reg-Ellen Machine Tool Corp.*, 423 F.3d 653, 664-65 (7th Cir. 2005); *Jones v. Union Pac. R.R.*, 302 F.3d 735, 741 (7th Cir. 2002); *Kauther SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998). Davit has thus waived any claim under RICO. Moreover, because Davit purports to allege fraudulent activity among all defendants, the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply. *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782 (7th Cir. 1999); *Goren*, 156 F.3d at 726. And we agree that the factual particularities that the district court found missing, even after Davit amended his complaint, doom his RICO claims. *See Lachmund*, 191 F.3d at 782 (outlining pleading standard for § 1962(a), (c), (d)); *Reynolds v. East*

*Dyer Development Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989) (outlining pleading standard for § 1962(a), (b)).

Additionally the district court correctly dismissed all claims against the two state judges. Davit concedes that the state judges were properly dismissed based on judicial immunity, yet he contends that the judges may still be held criminally liable under RICO. Although RICO created a private civil cause of action to supplement the government's criminal enforcement ability, *see Goren v. New Vision International, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998), Davit cannot bring criminal charges against anyone. A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual himself. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). Davit cannot circumvent the judicial immunity doctrine by enforcing a criminal statute through its civil enforcement provision.

Accordingly, we AFFIRM the district court's dismissal of Davit's action because he failed to state a claim upon which relief could be granted, and because the judges are absolutely immune.