In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1516

CAROLYN LONDON, et al.,
individually and on behalf
of all others similarly situated,

*Plaintiffs-Appellants*,

*v.*

RBS CITIZENS, N.A., et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CV 3537—**William T. Hart**, *Judge.*

ARGUED DECEMBER 3, 2009—DECIDED APRIL 1, 2010

Before EASTERBROOK, *Chief Judge*, and MANION and
EVANS, *Circuit Judges.*

MANION, *Circuit Judge.* Judgment creditor Chase Bank
filed a citation under Illinois law seeking to discover any
assets of judgment debtors Andrew and Carolyn London
that Charter One Bank had in its possession. After being
served with the citation, Charter One froze the funds in

the Londons' checking account, some of which were Social Security benefits. When the Londons demanded that Charter One release their Social Security monies, which are exempt from attachment under federal and Illinois law, the bank refused. Although the citation was soon dismissed and their funds unfrozen, the Londons sued the Charter One defendants in federal court under 42 U.S.C. § 1983. The district court dismissed the complaint for failure to state a claim for which relief could be granted, and the Londons appeal. We affirm.

I.

Andrew and Carolyn London sued RBS Citizens, N.A., Citizens Bank of Pennsylvania, and Citizens Financial Group, Inc. d/b/a Charter One Bank, N.A. (collectively "Charter One") in the Northern District of Illinois, alleging the following facts in their complaint. In 2004, Chase Bank (which is not a party to this case) obtained a judgment against the Londons. On March 26, 2008, at Chase's request the Clerk of the Circuit Court of Cook County, Illinois, issued a Citation to Discover Assets that named the Londons as defendants and Charter One as third-party respondent. The citation stated that Chase was owed money on the 2004 judgment against the Londons and directed Charter One to appear at a hearing on April 28, 2008, so that Chase could discover any of the Londons' property in Charter One's possession. In addition, the citation prohibited Charter One "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or

garnishment" that belonged to the Londons until further order of the court or termination of the proceedings. Significantly, a notice included with the citation indicated that "Social Security and SSI benefits" were exempt funds. The citation also warned Charter One that failure to comply could result in a judgment against it for any unsatisfied amount of the judgment. Chase served the citation and the notice on Charter One.

The Londons maintained several accounts with Charter One, one of which was a checking account. Both Mr. and Mrs. London received monthly Social Security benefit deposits in the checking account via electronic funds transfer ("EFT"). Charter One's records designated these EFT deposits as Social Security payments from the United States Treasury. In February and March 2008, several deposits were posted to the Londons' checking account, some of which were Social Security EFTs. On April 10, Charter One informed the Londons that it had been served with the citation and was freezing their accounts. Charter One also assessed a $50 processing fee for its trouble. Mrs. London visited the bank on April 14 and 15 and demanded that it unfreeze the Social Security funds in her checking account; Charter One refused. On April 16, a Social Security deposit for $1721.50 was added to the Londons' checking account. A few days later (April 21), Mrs. London returned to the bank and asked it to release the funds from that deposit. Charter One declined her request. Then, on April 23, a $687 Social Security deposit was made to the checking account. Mrs. London demanded the release of that deposit, too, but was again rebuffed by Charter One. As a result of

Charter One's freezing of the checking account, several checks and bank drafts written by the Londons were refused and returned due to non-sufficient funds, for which the bank assessed various fees.

The Londons claim that the defendants were acting under color of state law when, without a hearing, they froze (and later refused to release) Social Security funds they knew were exempt from legal process under 42 U.S.C. § 407(a), actions they say violated § 407(a) and the Due Process Clause of the Fourteenth Amendment. They seek remedies for these violations under 42 U.S.C. § 1983 in the form of money damages, declaratory relief, and injunctive relief. They also request class certification on behalf of all persons who held accounts at Charter One and had exempt Social Security benefits restrained by Charter One in compliance with citations, garnishments, and similar legal processes.

Charter One moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming the plaintiffs had failed to state a claim for which relief could be granted. The district court granted the motion. In so doing, the district court first took judicial notice of records from the Circuit Court of Cook County that indicated that the citation was dismissed and the freeze on the plaintiffs' checking account ended following a hearing on April 28—eighteen days after Charter One imposed the freeze. The district court then concluded that the plaintiffs were afforded adequate process by the April 28 hearing before the state court and held that their claim for a violation of § 407(a) failed because that statute permits

temporary freezes of Social Security funds in advance of a prompt court hearing. The Londons appeal the dismissal of their complaint.


II.

We review de novo a district court's dismissal of a complaint for failure to state a claim, taking the factual allegations pleaded by the plaintiffs as true and drawing all reasonable inferences in their favor. *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008). We may affirm on any basis supported by the record. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). A dismissal under Rule 12(b)(6) is required if the facts pleaded in the complaint fail to describe a claim that is plausible on its face. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

In their complaint, the Londons make two § 1983 claims against Charter One: one for violation of their Fourteenth Amendment right not to be deprived of property without due process of law, and one for violation of § 407(a), which shields Social Security benefits from "execution, levy, attachment, garnishment, or other legal process."[1] In order to state a claim under § 1983, a plaintiff

---

[1] The plaintiffs concede they are not suing under a private cause of action created by § 407. Rather, they contend that they may obtain a remedy under § 1983 for the defendants' alleged
(continued...)

must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). We turn first to examine whether the plaintiffs' complaint presents adequate averments on the color of state law element.

Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials. *Payton v. Rush-Presbyterian-St.Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). And although private persons may also be sued under § 1983 when they act under color of state law, *id.*, they may not be sued for "merely private conduct, no matter how discriminatory or wrongful," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Two conditions must be satisfied in order for a private party's actions to be deemed taken under color of state law. First, the alleged deprivation of federal rights

---

[1] (...continued)

violation of § 407(a). In order to maintain a § 1983 cause of action for a violation of § 407(a), the plaintiffs "must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005). If shown, there is a rebuttable presumption that the right may be enforced under § 1983. *Id.* For the purposes of this opinion, we will assume, arguendo, that § 407(a) creates a private right that the Londons may enforce under § 1983.

must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible. *Id.* Misuse of a state law by a private party, however, does not satisfy this requirement. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Second, the private party must be a person who may fairly be said to be a state actor. *Am. Mfrs.*, 526 U.S. at 50.

Turning to the first step, the Londons' complaint, even when read deferentially, does not allege that Charter One was following the directives of the citation (or any other state-imposed rule of conduct) when it froze Social Security funds it knew were exempt.[2] To the contrary: the citation—attached to the complaint and thus appropriate for consideration on a motion to dismiss, *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004)—states that Charter One is

> prohibited from making or allowing any transfer or other disposition of, or interfering with, any property *not exempt* from execution or garnishment belonging to the judgment debtor or to which he/she may be entitled or which may be acquired by or income due to him/her, until further order of court or termination of the proceeding.

---

[2] In the briefs and at oral argument, counsel for the plaintiffs made clear that they are limiting their claims to Charter One's actions concerning the post-freeze (April 16 and 23) Social Security deposits it allegedly knew were exempt and are not challenging the bank's conduct regarding the commingled funds present in their account when the freeze was instituted.

(emphasis added). The citation's language is derived from 735 ILCS 5/2-1402(f)(1). The citation notice, consistent with 735 ILCS 5/2-1402(b), stated that a judgment debtor's Social Security benefits are exempt personal property. Elsewhere in the Illinois statutes, Social Security benefits are declared to be exempt from judgment and attachment. 735 ILCS 5/12-1001(g)(1). And as already mentioned, § 407(a) provides that Social Security monies are not subject to "execution, levy, attachment, garnishment, or other legal process." Because the citation required Charter One to restrain only the Londons' non-exempt funds and expressly listed Social Security benefits as exempt assets, any action taken by Charter One against funds it knew were exempt was not in accordance with the citation and Illinois law. And there is no traction to the argument that Charter One could use the citation as a basis for freezing the funds, because the misuse of state law by a private party is not action taken under color of state law.[3] *Lugar*, 457 U.S. at 940; *Starnes v. Capital Cities*

---

[3] Were there any doubt that the Londons contend that Charter One misapplied the directives from the citation rather than following them, the plaintiffs removed it with the following concessions in their briefs: "the citation itself informed the Defendants that it should not hold exempt property and the bank knew the deposits were exempt property when it received them"; "[t]he citation itself does not command the freeze of exempt funds"; "[the defendants] hid within the citation and used it as a shield claiming they were compelled to freeze funds they knew were exempt until a judge told them otherwise"; and, "the issue here concerns property which the citation

(continued...)

*Media, Inc.*, 39 F.3d 1394, 1397 (7th Cir. 1994); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984); *Loyd v. Loyd*, 731 F.2d 393, 398-99 (7th Cir. 1984); *see also Greco*, 775 F.2d at 166 ("When a private party, in violation of a state statute, deprives another party of property, that deprivation obviously cannot constitute conduct fairly attributable to a state rule or decision.").

Our decision in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), is not to the contrary. There, while attempting to collect on a judgment against Beler (the judgment debtor), a law firm sent a Citation to Discover Assets (pursuant to 735 ILCS 5/2-1402) to a bank where Beler had a checking account. *Id.* at 472. The citation there, similar to the one here, informed the bank that assets that were exempt from execution should not be turned over. *Id.* In response, the bank froze the account. *Id.* The law firm eventually dismissed the citation after Beler asserted the entire balance in the account was exempt Social Security assets. *Id.* Beler sued the law firm under the Fair Debt Collection Practices Act,

---

[3] (...continued)
respondent knew was exempt and of which it was never advised to 'freeze' in the first place."

Although we have recognized that private misuse of a statute can constitute state action where the private party acted jointly with a state official who abused his authority, *see Greco v. Guss*, 775 F.2d 161, 167-68 (7th Cir. 1985), there are no allegations in the complaint that suggest any such involvement by a state official here.

but lost on summary judgment in the district court. *Id.* In affirming the district court's judgment, we noted that the "citation had the practical effect of freezing the account until the Bank knew what was exempt." *Id.* at 474. Even if such a "practical effect" were sufficient to satisfy the first prong of the color of state law requirement—and we doubt it would be—the *Beler* language is inapplicable here because, at least as claimed by the Londons, Charter One *knew* that the April 16 and 23 Social Security EFT deposits were exempt from attachment. The freeze was thus not the practical effect of the citation.

In sum, the complaint makes clear that Charter One's freezing of the Social Security funds it knew were exempt was not the result of any state-created right, state-pre-scribed rule, or person for whom the state is responsible but was, in fact, private conduct that was not in keeping with state law.[4] Therefore, because the Londons did not allege any action by Charter One that was taken under color of state law, Charter One may not be held liable under § 1983. The district court's dismissal of the plaintiffs' complaint for failure to state a claim was thus appropriate.[5]

---

[4] Nothing in this opinion should be read to suggest that when a private party follows state law, it is automatically a state actor.

[5] In their reply brief, the plaintiffs request that they be allowed to amend their complaint if their pleadings are found inade-quate. Issues raised for the first time in a reply brief are ordi-

(continued...)

### III.

Based on the foregoing reasons, we hold that the plaintiffs' complaint does not describe a plausible § 1983 claim against Charter One because it does not contain sufficient factual allegations that Charter One was acting under color of state law. Accordingly, the judgment of the district court is AFFIRMED.

---

[5] (...continued)
narily waived. *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009). Even if waiver were no obstacle, any proposed amendment would be futile because the amended complaint could not survive a motion to dismiss, *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2002): to state a claim under § 1983, the plaintiffs would need to allege that Charter One was following the citation when it froze their exempt Social Security funds, which is flatly contrary to the terms of the citation they attached to their complaint. In the event of a conflict between a complaint proper and an attachment thereto that forms the basis of the plaintiffs' claims, the attachment prevails, and dismissal is warranted if, as here, the attachment negates the plaintiffs' claims. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).