NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010[*]
Decided April 16, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2874

| | |
|---|---|
| JOHN J. DAVIT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 3725 |
| WILLIAM J. STOGSDILL, JR., et al., | |
| *Defendants-Appellees.* | Ruben Castillo, |
| | *Judge.* |

**O R D E R**

An acrimonious divorce in 1998 has spawned this and seven prior lawsuits by John Davit against parties he sees as connected to his ex-wife and the divorce proceedings. *See, e.g., Davit v. Davit,* 173 Fed. Appx. 515 (7th Cir. 2006) (unpublished). This time Davit claims that his former spouse, her lawyer, a police officer, and the State's Attorney in DuPage

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

County, Illinois, conspired to get him convicted on trumped-up criminal charges.  Davit had been arrested after scuffling with police on his ex-wife's driveway; the officers were enforcing an order of protection that prohibited Davit from being at the residence.  A state jury found him guilty of violating an order of protection, 720 ILCS 5/12-30, and resisting a peace officer, 720 ILCS 5/31-1, but the Appellate Court of Illinois reversed the first of these convictions.  Over a dissent the court reasoned that the order of protection was unenforceable because, read literally, it forbade Davit from entering the "household of premises" instead of the "household *or* premises."  This windfall from a typo has Davit claiming that his arrest and prosecution for being on the driveway were part of a malicious plot to punish him for opposing his ex-wife in the divorce proceedings, for being a Democrat (Davit professes certainty that the defendants are all Republicans), and for exposing "corruption" with his slew of unsuccessful lawsuits.

The district court screened Davit's complaint prior to service, *see* 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and concluded that it fails to state a claim.  We agree.  Davit's claims under 42 U.S.C. § 1983, racketeering laws, *see* 18 U.S.C. § 1962, and Illinois common law have no plausible basis in fact.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009); *Cooney v. Rossiter*, 583 F. 3d 967, 970-71 (7th Cir. 2009).  The complaint, like this appeal, is frivolous, and we now warn Davit that his pursuit of additional frivolous appeals will lead to sanctions under Federal Rule of Appellate Procedure 38.

AFFIRMED.