NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011[*]
Decided August 3, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3118

| | |
|---|---|
| THEODORA WESTON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 10 C 977 |
| ILLINOIS DEPARTMENT OF HUMAN | |
| SERVICES, et al., | Charles R. Norgle, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Theodora Weston appeals the denial of her post-judgment motion for leave to amend her complaint in her suit under 42 U.S.C. § 1983 and the Fair Labor Standards Act, see 29 U.S.C. §§ 201-219, against the Illinois Department of Human Services and Aunt Martha's Youth Services Center. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

The IDHS administers the state's Temporary Assistance for Needy Families program ("TANF"), which uses federal block grants to fund welfare projects, with the goal of helping families become financially self-sufficient. See 42 U.S.C. §§ 601-619; 305 ILCS §§ 5/2-12(2), 5/4-0.5-23. One component of TANF is the Work First program, in which participants receive work assignments so that they can gain marketable skills and experience. Participants are paid for their assignments – no more than their families' monthly TANF allotments – while they look for unsubsidized employment. See 89 Ill. Admin. Code § 112.78(n). Aunt Martha's, a social-service agency, contracts with the state to place Work First participants in work assignments.

Weston, a former attorney, alleged in her pro se complaint that she had received TANF aid and participated in Work First, and that IDHS and Aunt Martha's violated the FLSA by paying her and other Work First participants only $3.17 per hour, less than the federal minimum wage. She sought an order requiring the Work First program to pay all participants the minimum wage. (Weston's complaint also included an equal protection claim against IDHS and the Illinois Department of Healthcare and Family Services, but she has abandoned it by not addressing it in her post-judgment motion or on appeal.)

The district court dismissed Weston's claims against IDHS, a state agency, on Eleventh Amendment grounds, and shortly thereafter dismissed her FLSA claim against Aunt Martha's because she failed to allege that Aunt Martha's ever employed her. The court promptly entered judgment dismissing the case. Six days later Weston filed a "Motion to Reinstate with Leave to Amend and With Appointment of Counsel," asserting that the court failed to consider authority she cited regarding her FLSA claim, and that she should be permitted to amend the complaint "to more accurately denote [her] employer/employee status" with the state and Aunt Martha's. The court denied the motion, stating that "any attempt to amend the Complaint would be futile."

Weston argues on appeal that she should have been permitted to amend her complaint. She maintains that she had an employer-employee relationship with IDHS and Aunt Martha's, whom she describes as "joint employers." According to Weston, Aunt Martha's controlled where Work First participants worked and administered the program with assistance from IDHS. Weston also challenges the district court's denial of her request for appointment of counsel.

Prior to the 2009 amendment to Federal Rule of Civil Procedure 15(a), a plaintiff like Weston would have been entitled to amend her complaint once as a matter of right, and a plaintiff could not lose that right through premature entry of judgment dismissing a case. Even after the amendment to Rule 15(a), a district court should freely give a plaintiff leave to amend a complaint when justice requires it. Fed. R. Civ. P. 15(a)(2). That liberal policy toward amending pleadings, especially in a first effort to amend, should remain in effect even if a

district court elects to enter judgment, perhaps prematurely, upon granting a motion to dismiss. See, *e.g.*, *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (district court erred by entering judgment after Rule 12(b)(6) dismissal where plaintiff sought to amend complaint to address perceived mistakes; proposed amendment to complaint was not futile).

Nevertheless, a district court should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. See, *e.g.*, *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010). We agree with the district court that amendment would have been futile in this case. As a state agency, IDHS is not a "person" amenable to a § 1983 suit, see *Illinois Dunesland Preservation Soc'y v. Ill. Dep't of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009), and furthermore is immune from a suit for damages under the Eleventh Amendment, see *Burrus v. State Lottery Comm'n of Indiana*, 546 F.3d 417, 420 (7th Cir. 2008); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). Even if we were to accept that Aunt Martha's was Weston's employer for purposes of the FLSA, Weston ignores the value of the food stamps she received, which under the Work First program count in combination with TANF aid toward minimum-wage requirements. See 89 Ill. Admin. Code § 112.78(n)(2)(A) (explaining that work hours per month "shall not exceed the family's monthly TANF grant and food stamp allotment divided by the higher of the State or federal minimum wage"). Because Weston did not explain – even after her complaint was dismissed – how her minimum-wage claim was plausible, she did not state a claim against Aunt Martha's. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011).[1]

Finally, because Weston's claims so clearly lacked merit, the district court did not err in denying her request for appointment of counsel. See *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007).

Accordingly, we AFFIRM the judgment of the district court.

---

[1]As a former attorney, Weston has only the most tenuous claim to the more forgiving pleading standards we afford typical pro se plaintiffs. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaints to "less stringent standards than formal pleadings drafted by lawyers").