**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November 1, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1828

| | |
|---|---|
| BERNARD LEON BEYER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 10-C-1066 |
| | |
| VILLAGE OF ASHWAUBENON, et al., | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Bernard Beyer claims in this action under 42 U.S.C. § 1983 that the owner of an apartment building, the proprietor of a towing company, and the Village of Ashwaubenon, Wisconsin, violated his constitutional rights by towing and selling his car, which was left parked on the landlord's property after Beyer's arrest. (Also named as a defendant is the former Attorney General of Wisconsin, but she had no conceivable role in the events

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

underlying Beyer's lawsuit, so we need not mention her further.) The district court screened the complaint because Beyer was incarcerated, *see* 28 U.S.C. § 1915A(a), and dismissed it on the ground that it fails to state a claim, *see id.* § 1915A(b)(1). Beyer appeals. Because the complaint does not allege that any state actor violated Beyer's constitutional rights, we affirm the judgment.

At this stage we accept as true the factual allegations in Beyer's complaint. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 696 (7th Cir. 2009). Beyer was arrested while visiting a tenant of the apartment complex where he left his car. Shortly after that arrest, the landlord, Jerry Lockman, submitted a parking complaint to the Village about the car, and a local police officer ticketed the vehicle as abandoned. Beyer tried unsuccessfully to contact Lockman from jail, and more than a month after his arrest he learned from a friend that the car no longer was parked at Lockman's property. Beyer contacted Village officials, who told him that the Village had not towed his car and that, under Village policy, property owners bear the responsibility for removing abandoned vehicles at their own expense. Finally, more than two years after his arrest, Beyer discovered that his car had been towed at Lockman's request and sold by Bernard Smits, the owner of the towing company.

Beyer claims that Lockman, Smits, and the Village "acted jointly" to take his car without notice or a hearing, in violation of the Fourteenth Amendment. Village regulations concerning abandoned property, he insists, don't provide sufficient procedural protections. In his complaint Beyer also makes reference to the diversity jurisdiction and several times says that the defendants disregarded state law. But the district court construed the complaint as raising federal claims only, and Beyer has never challenged that understanding. In dismissing the lawsuit, the district court reasoned that the Village had no duty to "get involved with a vehicle abandoned on private property" and that Lockman and Smits cannot be held liable under § 1983 because they weren't acting under color of state law.

In challenging the dismissal, Beyer now contends that the Village, though under no obligation to tow his car, had a duty to stop Lockman and Smits from towing and selling the car without providing him notice or a hearing. But the Constitution as a rule protects people from the state, not from each other. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989); *Waubanascum v. Shawano Cnty.*, 416 F.3d 658, 665 (7th Cir. 2005); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). Beyer's allegations do not fall within any exception to this principle; the Village had no constitutional duty to safeguard his property from a private landowner. His complaint therefore fails to state a claim against the Village that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011).

Beyer's lawsuit, then, turns on whether Lockman and Smits acted under color of state law, as required for him to proceed under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010). To have acted under color of state law, their actions must be fairly attributable to the Village. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). Smits's conduct—towing a car at the request of a private landowner—falls far short of this standard. *See Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 193 (7th Cir. 1985). Beyer instead focuses on Lockman, emphasizing that he complained about the car, prompting the Village to ticket it, and abided by Village policy in paying to have the car towed. Yet even when viewed in the light most favorable to Beyer, these acts fail to show state action. The Village never coerced Lockman; he voluntarily had the car towed after the Village refused to do so. It was necessary for the Village to ticket the car before Lockman could lawfully tow it, *see* WIS. STAT. § 349.13(3m), but even "the need to obtain official approval" does not "turn private action into public action," *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 853 (7th Cir. 2002); *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54–55 (1999). When, as here, the state has not compelled a private act—when "the impetus and the actors remain private"—there is no state action. *Gayman*, 311 F.3d at 853; *see URI Student Senate v. Town of Narragansett*, 631 F.3d 1, 10 (1st Cir. 2011); *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 818 (7th Cir. 2009); *Husain v. Springer*, 494 F.3d 108, 134–35 (2d Cir. 2007).

Because Beyer fails to state a plausible claim of unconstitutional state action, his remaining arguments do not require discussion.

AFFIRMED.