**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 24, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3226

| | |
|---|---|
| JUSTIN K. LYNCH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 20-CV-21-SPM |
| ARCHER-DANIELS-MIDLAND COMPANY, <br> *Defendant-Appellee*. | Stephen P. McGlynn, <br> *Judge*. |

## O R D E R

Justin Lynch sued his former employer, Archer-Daniels-Midland Company, over events that led to the end of his employment. After allowing two amendments to Lynch's complaint, the district court granted the company's motion to dismiss. Lynch

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

now appeals. Because he presents no cogent argument that his operative complaint stated a claim, we dismiss the appeal.

In January 2020, Lynch, who had been employed by a subsidiary of Archer-Daniels-Midland as a crew member on a river vessel, sued the company for "harassment, intimidation, and abuse." Lynch alleged that for two years, his crewmates harassed him by keeping him awake with loud noises and releasing an odorless, "inhalable substance that will make your buttocks burn after you get away from it." Although Lynch reported these incidents to a superior, the company did not stop the alleged harassment; instead, Lynch was told to fill out an injury report and get medical authorization to return to work. The company then continued to violate his rights, Lynch said, by requiring him to get a psychiatric evaluation against his will before he could be cleared for work. Lynch refused to do so and was fired.

The district court twice dismissed the complaint without prejudice and invited Lynch to amend his complaint. After Lynch's third attempt to plead a cognizable claim, Archer-Daniels-Midland moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court granted the motion, concluding that Lynch had failed to state a plausible claim under the Second or Eighth Amendment (the theories he had invoked) and, to the extent he was attempting to bring a claim based on a hostile work environment, he failed to allege harassment based on a protected status.

Although, on appeal, Lynch does not raise any specific challenges, we note that we see no obvious problem with these rulings. No matter what constitutional right Lynch seeks to vindicate, 42 U.S.C. § 1983 does not allow a constitutional claim against a private entity engaging in private conduct. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (explaining "merely private conduct, no matter how discriminatory or wrongful" cannot form the basis of a § 1983 claim against a non-governmental actor) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). And Lynch's complaint is devoid of allegations suggesting that some protected status caused the workplace mistreatment he alleges, or that his employer could be liable for it. *See Hackett v. City of South Bend*, 956 F.3d 504, 509 (7th Cir. 2020).

We take no more than this passing glance at the merits because, as Archer-Daniels-Midland contends, Lynch's brief does not comply with Rule 28(a) of the Federal Rules of Appellate Procedure. We liberally construe pro se filings, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we must be able to ascertain a party's argument and the basis for it. *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). Even pro se litigants must comply with Rule 28(a)(8), which requires an appellant's brief to

include his "contentions and the reasons for them," with relevant citations. Here, Lynch's sparse submission, consisting of one page of narrative and excerpts from his operative complaint, does not engage with the court's reasons for dismissal or explain what claim(s) his second amended complaint presented. Lynch merely asserts that the court "made an error in handling my case by not judging it on constitutional fact," and then lists several case citations, all inapt. From this, we discern no basis for disturbing the judgment of dismissal, and we "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson*, 241 F.3d at 545; *see also Jeffers v. Comm'r*, 992 F.3d 649, 653 (7th Cir. 2021).

                                                                                          DISMISSED