THE COALFIELD COAL COMPANY, for use, etc.

*v.*

FERDINAND W. PECK.

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. APPEALS—*effect of reversal and remandment.* The only effect of a judgment of this court reversing the judgment of the Appellate Court, and remanding the case to that court without specific directions, is to render null and wholly inoperative the decision of that court, and to reinstate the case before it in the same condition it was before that court had acted on it at all.

2. SAME—*as to rulings of Appellate Courts on the law and the facts.* Where the Appellate Court reverses a judgment of the circuit court for a supposed error of law when the record of the trial court discloses none, the judgment of the Appellate Court will be reversed for that reason; and if the Appellate Court reverses for an error of fact, that judgment will be reversed if that court fails to certify, in its final order, the facts as found by the court. Without such finding of facts this court can not know whether its judgment was warranted by its own finding or not.

3. The Appellate Court being the final arbiter as to the facts established by the evidence in a certain class of cases, this court is concluded by its finding of the facts, and has nothing to do with the evidence or reasons which controlled that court in arriving at its conclusions of fact, and so far as this court is concerned, it matters not whether the evidence was much or little, or sufficient or insufficient.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. F. GOODSPEED, Judge, presiding.

34—105 ILL.

Mr. H. L. THAYER, for the appellant:

It is, in this State, a well settled rule of law that the finding and judgment of a court of last resort are *res judicata* as to all questions in controversy, including not only such questions as were considered, but also those which might have been presented, considered and determined. *Clayes* v. *White*, 83 Ill. 540; *Reed* v. *West et al.* 70 id. 479; *Ogden* v. *Larabee*, id. 510; *Rising* v. *Carr*, id. 596; *Kingsbury* v. *Buckner et al.* id. 514; *Cook* v. *Norton*, 61 id. 286; *Rogers* v. *Higgins*, 57 id. 247; *Hollowbush* v. *McConnell*, 12 id. 204; *Semple* v. *Anderson*, 4 Gilm. 561; *Diversy* v. *Johnson*, 93 Ill. 547; *Chicago and St. Louis R. R. Co.* v. *Holbrook*, 92 id. 297; *Hough* v. *Harvey et al.* 84 id. 308.

Mr. S. W. PACKARD, and Mr. GEORGE S. HOUSE, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

At the October term, 1877, of the circuit court of Will county, H. Leroy Thayer recovered a judgment against the Coalfield Coal Company, for $5963.21, and costs of suit. Subsequently, on the 25th of November, 1878, the company, in a garnishee proceeding under the 8th section of chapter 32, of the Revised Statutes, entitled "Corporations," recovered a judgment, for the use of Thayer, against Ferdinand W. Peck, as garnishee, on account of an alleged indebtedness to the company for unpaid subscriptions to its capital stock, for the sum of $6087.87. On appeal by Peck to the Appellate Court for the Second District this judgment was reversed. The company thereupon appealed from the judgment of the Appellate Court to this court, where the latter judgment was reversed, and the cause remanded without special directions to that court. (See *Coalfield Coal Co.* v. *Peck*, 98 Ill. 139.) Peck filed a petition for a rehearing, which was considered at

the March term, 1881, and this court, in denying the rehearing, then said, in a *per curiam* opinion:

"This is an application by Peck for a rehearing. The application must be denied. When the case was considered, we found that the circuit court had found the issues of fact against Peck, and rendered judgment thereon. The Appellate Court reversed this judgment, making no remanding order. On examination of the record of the Appellate Court we found that court did not 'recite in its final order or judgment the facts found' by that court. The statute provides, that 'if any such final judgment of the Appellate Court shall be made as the result, wholly or in part, of a finding of facts * * * different from the finding of the court from which the cause is brought, * * * it shall be the duty of such Appellate Court to recite, in its final order, judgment or decree, the facts as found.' In the absence of such recital this court could not properly decide the case upon the hypothesis suggested,—that the judgment of the Appellate Court was founded, in any respect, upon a finding of facts different from the finding in the court below. We therefore examined the questions of law found in the record of the circuit court, and found no error therein. Finding no error of law in the record of the circuit court, and no error of fact being shown in the only manner provided by law for showing the same, the judgment of the Appellate Court was necessarily reversed. * * * We therefore remand the cause to the Appellate Court, without specific directions. If, when the case comes before that court, the facts are held by the Appellate Court to be different from the finding in the circuit court, that court may, of course, found its judgment upon such different finding, and the facts so found in such case must be recited in the judgment. If the facts be found by the Appellate Court in accord with the finding in the circuit court, in such case the judgment of the circuit court should, of course, be affirmed by the Appellate Court."

The cause having been thus remanded, the Appellate Court, upon a reconsideration of it, again reversed the judgment of the circuit court, and the company has prosecuted a second appeal to this court.

Upon an examination of the Appellate Court record it now appears, from the recitals in the judgment of that court, that it found the facts different from the finding of the circuit court, namely, that Peck, the garnishee, was not indebted to the company on account of subscription to its capital stock, as set forth in the affidavit of Thayer. Assuming the finding of the Appellate Court upon this vital fact to be true, as we are bound to do, it is clear the judgment of the circuit court was properly reversed, for the whole garnishee proceeding was based upon the assumption Peck was indebted to the company, and it being now conclusively settled, by the specific finding of the Appellate Court, that this assumption was and is unfounded, it irresistibly follows, however the case may be in every other respect, the action against Peck can not be maintained.

Counsel for appellant, however, seems to think that this and all other questions affecting the merits of the controversy were foreclosed and settled adversely to appellee by the reversal by this court of the former judgment of the Appellate Court, and the remanding of the cause without specific directions, as heretofore stated. This is clearly a misapprehension. The only effect of the reversal and remanding order was to annul and render wholly inoperative the decision of the Appellate Court, and reinstate the case before it in the same condition it was before that court had acted on it at all. Upon the record then before us not perceiving any error of law in the proceedings before the circuit court, and no finding of facts by the Appellate Court having been certified to this court, we were unable to determine whether the judgment of the circuit court had been reversed for some supposed error of law or upon an error of fact. If for a supposed error of

law, when the record of the proceedings in the circuit court disclosed none, the judgment of the Appellate Court should have been reversed for that reason. If for an error of fact, the judgment should have been reversed, for the reason the Appellate Court failed to certify, in its final order or judgment, the facts as found by that court, for without such certificate of its finding this court could not know whether its judgment was warranted by its own finding of the facts, or not. So, under the circumstances, the judgment of the Appellate Court, upon either hypothesis, was properly reversed. But as already shown, such reversal did not, under the circumstances stated, preclude the Appellate Court from reconsidering the case in the same manner as if the case was before it for the first time.

It is also urged with great persistency, there were no controverted questions of fact in this case. This is also a clear misapprehension. The whole case turned upon a single question of fact, namely, whether Peck had paid his subscription to the capital stock of the company. This was the vital issue in the case, and the Appellate Court has specifically found this issue of fact in favor of the appellee.

But it is said there is no controversy about the evidence, and that the same, as it appears in the record, is not sufficient to show such payment. So far as this court is concerned, it does not matter whether the evidence was much or little, sufficient or insufficient. It is the finding of the Appellate Court upon the issue of fact with which we have to deal, and not the evidence or reasons which controlled that court in arriving at its conclusion.

All questions relating to the sufficiency of the testimony, or to the alleged conspiracy, collusion and fraud, which have been pressed upon our attention with so much earnestness and zeal, were highly appropriate for the consideration of the Appellate Court, which, by law, is made the final arbiter of such matters; but this court clearly has nothing to do

with them.   The construction which we now give the statute relating to this subject has been so often repeated in the previous decisions of this court, it is difficult to perceive how there can be any misapprehension with respect to it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*