NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010[*]
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3421

| | |
|---|---|
| AMIEL CUETO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-0868-DRH |
| | |
| ROBERT THOMAS, et al., | David R. Herndon, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Amiel Cueto, a lawyer who was disbarred in 2004, sued the justices of the Supreme Court of Illinois and an officer of the Illinois Attorney Registration and Disciplinary Commission under 42 U.S.C. § 1983 for violations of his due-process right to fair and

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

impartial proceedings.  The district court dismissed his complaint, finding his claims against the justices barred by the *Rooker-Feldman* doctrine and his claim against the ARDC officer barred by the applicable statute of limitations.  Cueto appeals, and we affirm the district court's decision.

Cueto's disbarment stemmed from his attempt to hide a client's illegal gambling operation from federal investigators, for which he was convicted of conspiracy to defraud the United States, 18 U.S.C. § 371, and obstruction of justice, 18 U.S.C. § 1503.  We upheld these convictions in *United States v. Cueto*, 151 F.3d 620, 624 (7th Cir. 1998).  Because of his criminal conduct, Cueto was suspended from practice in 1998 and disbarred in 2004.  In 2008 he moved to vacate the disbarment order, and when the Supreme Court of Illinois denied his motion, he turned to federal court.

Cueto's complaint alleges three sets of due-process violations.  First, Cueto claims that the justices refused in the disbarment proceedings to provide him with discovery, precise notice of his alleged misconduct, and other procedural safeguards.  Second, Cueto claims that the ARDC officer falsely testified as an expert witness in the criminal trial and thereby tainted both the federal prosecution and the state disbarment.  Third, Cueto tacks on a claim that is unrelated to his disbarment—that the justices sabotaged his defamation suits against two Illinois newspapers by assigning the cases to trial judges who would be biased against him.

The district court applied the *Rooker-Feldman* doctrine and dismissed both of Cueto's claims against the justices.  Under *Rooker-Feldman*, federal district courts lack jurisdiction to entertain suits brought by state-court losers to undo state-court judgments.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The district court concluded that *Rooker-Feldman* barred it from reviewing state-court judgments such as the disbarment order and the supervisory orders regarding case assignments in the defamation suits.  The district court also dismissed Cueto's claim against the ARDC officer as untimely under Illinois's two-year statute of limitations for personal injuries, 735 ILCS 5/13-202 (he sued in 2008 but alleges that his claim accrued in 2004).

On appeal Cueto re-argues the merits of his claims but pays little attention to the *Rooker-Feldman* issue.  He asserts only that the district court erred in applying the *Rooker-Feldman* doctrine because his claims are somehow "independent" of the judgments against him, and thus his claims can be resolved without undoing any state-court decision.  But the gravamen of Cueto's complaint is that the state Supreme Court's orders violated his rights, the disbarment order should be vacated, and the supervisory orders in his defamation trials should be nullified.  He has not asserted any injury independent of the Supreme Court of

Illinois's disbarment proceedings or supervisory orders.  He has therefore impermissibly attacked the state-court judgments in federal court, and such attacks are barred by *Rooker-Feldman*.  *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Levin v. ARDC*, 74 F.3d 763, 767 (7th Cir. 1996).

As to his damages claim against the ARDC officer, Cueto argues that the district court erred by applying a two-year statute of limitations for personal injuries, 735 ILCS 5/13-202, rather than a five-year "catch-all" statute, 735 ILCS 5/13-205.  He reasons that his claim is not for a "personal injury" because he alleges pecuniary losses rather than bodily or psychological harm.  We have repeatedly stated, however, that the statute of limitations for § 1983 claims in Illinois is two years, not five.  *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2381 (2009); *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276 (7th Cir. 1989).  Cueto's complaint, filed four years after his claim accrued, was untimely.

For the foregoing reasons, we AFFIRM the judgment of the district court.