NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010[*]
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2395

| | |
|---|---|
| KEVIN ALSTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CV-00443 |
| WISCONSIN COURT OF APPEALS, *Defendant-Appellee*. | Lynn Adelman, *Judge*. |

**O R D E R**

After Wisconsin state courts rejected Kevin Alston's claim for worker's compensation, he sued the Wisconsin Court of Appeals under 42 U.S.C. § 1983. The district court viewed Mr. Alston's claim as an attack on the state courts' action and dismissed it under the *Rooker-Feldman* doctrine, which provides that only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Mr. Alston appealed the district court's judgment, and we affirm for the same reason.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The Wisconsin Labor and Industry Review Commission denied Mr. Alston's worker's compensation claim in 1997, and the Milwaukee County Circuit Court dismissed his appeal of that decision for failure to prosecute. In 2006, Mr. Alston tried to reopen both paths to relief based on new evidence. The Commission and the circuit court each denied his separate attempts. Mr. Alston then filed an appeal that the Wisconsin Court of Appeals dismissed as untimely. The appeals court denied his motions for reconsideration, and Mr. Alston's petitions to the Wisconsin Supreme Court and the United States Supreme Court fared no better. *See Alston v. LIRC*, 746 N.W.2d 813 (Wis. 2008); *Alston v. Ct. of App. of Wis., Dist. I*, 130 S. Ct. 758 (U.S. 2009).

Mr. Alston next turned to the federal district court. In his complaint, he asked the district court to "review and reverse" the decision of the Wisconsin Court of Appeals because it denied him an opportunity to present his entire case. The court dismissed the claim, reasoning that under *Rooker-Feldman*, federal district courts lack jurisdiction to entertain suits brought by state-court losers who wish to set aside state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

We review the district court's application of *Rooker-Feldman* de novo. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603-04 (7th Cir. 2008). Mr. Alston maintains that the Wisconsin Court of Appeals erred in deciding that his appeal was untimely. Even if Mr. Alston were right, however, we could not reverse the state-court decision. *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (*Rooker-Feldman* applies even though "the state court judgment might be erroneous or even unconstitutional.").

Mr. Alston's argument that the Wisconsin appellate court denied him the opportunity to present his entire claim touches upon a narrow exception to *Rooker-Feldman*. *See Kelley*, 548 F.3d at 605-07. But to fit within it, Mr. Alston would have to show some barrier to appealing to the state court, independent of his own inactions, that he was *incapable* of overcoming. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). Although he disagrees with how Wisconsin administers its deadlines for filing appeals, the state court did nothing to prevent Mr. Alston from complying with them.

We AFFIRM the judgment of the district court.