NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0038n.06

No. 09-4227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 14, 2011**
LEONARD GREEN, Clerk

DALE EDWARDS; DEJAN PERFORMING ARTS AND LEARNING CENTER, INC.; D & E COMMUNICATIONS, INC.; CONSOLIDATED CHURCH FINANCIAL CO.,

    *Plaintiffs-Appellants*,

v.

A. CLIFFORD THORNTON, JR.; HARVEST MISSIONARY BAPTIST CHURCH,

    *Defendants-Appellees*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O P I N I O N

BEFORE:    COLE and WHITE, Circuit Judges; and O'MEARA, District Judge.[*]

**PER CURIAM.** Plaintiff-Appellants Dale Edwards; Dejan Performing Arts and Learning Center, Inc.; D & E Communications, Inc.; and Consolidated Church Financial Co. (collectively "the Edwards companies") appeal the district court's order dismissing their claims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Edwards companies argue that the district court erred in (1) applying the *Rooker-Feldman* doctrine to their due process claims, and (2) finding that they had failed to state a claim for violation of a bankruptcy automatic stay.

---

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

We review a district court's determination that the *Rooker-Feldman* doctrine precludes subject matter jurisdiction de novo. *McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006). We have carefully reviewed the parties' briefs, the applicable law, and the district court's order dismissing the Edwards companies' claims. We agree that the *Rooker-Feldman* doctrine precludes subject matter jurisdiction over the Edwards companies' due process claims and that their allegations of violation of a bankruptcy automatic stay fail to state a claim upon which relief may be granted. Because the district court's decision is well-reasoned, we find no need to expand on its analysis as to these claims.

The Edwards companies also advance two new arguments in support of their § 1983 claim against Thornton that were not considered by the district court. First, relying on *Rivera v. Ragan & Ragan, P.C.*, No. 10-1619, 2010 WL 2635790 (E.D. Pa. June 25, 2010), they argue that *Rooker-Feldman* does not apply to their § 1983 claim because it is a separate action severable from the state court proceedings below. In *Rivera*, the district court held that a claim for unfair debt collection methods under the Fair Debt Collection Practices Act did not invoke the *Rooker-Feldman* doctrine because it disputed the manner in which a debt was collected, not the state court judgment creating the debt. *Id.* at *4. The Edwards companies argue that, because they are taking issue with Thornton's actions in enforcing the state court judgment, not the state court judgment itself, the actions are severable and *Rooker-Feldman* should not apply. We considered a similar argument in *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007), in which the plaintiffs asserted claims against third parties—state officials—for the conversion of their pension benefits pursuant to state-court judgments. *Id.* at 329. Because the plaintiffs "assert[ed] that the state courts erred in issuing

the . . . judgments and d[id] not claim that the defendants ha[d] injured them in any way except by strictly executing those judgments," we held that their claims were "actually challenges to the state-court . . . judgments and [we]re barred by the *Rooker-Feldman* doctrine." *Id.*

Although *Rivera* is not the law of this circuit, we note that it is distinguishable from *Abbott* because, in *Rivera*, the state-court judgment could be enforced (that is, the defendant could collect the debt) in a manner that did not give rise to the cause of action for unfair tactics; as such, the conduct was severable from the state-court judgment. In *Abbott*, however, the state-court judgment created a right to pension benefits that would give rise to the cause of action regardless of how it was enforced, because the cause of action was for the taking of the pension benefits in and of itself. The § 1983 claim against Thornton is more analogous to *Abbott* than to *Rivera*. Here, the state-court judgment gave Harvest Missionary Baptist Church ("Harvest") the right to title to a property and authorized Thornton to transfer that title in the event that the Edwards companies neglected to do so. Thornton's transfer of that title was a strict execution of the state-court judgment. The Edwards companies' claim—that Thornton unconstitutionally transferred title because he should have known that the state-court judgment was void—is an attack on the judgment itself, because there is no method that Thornton or Harvest could have used to enforce the judgment that would not have given rise to this claim. As such, *Abbott* applies, and the claim is subject to *Rooker-Feldman*.

Second, relying on *Gilbert v. Illinois State Board of Education*, 591 F.3d 896, 901-02 (7th Cir. 2010), and *Kelley v. Med-1 Solutions*, 548 F.3d 600, 605-06 (7th Cir. 2008), the Edwards companies argue that an exception to *Rooker-Feldman* applies because they were not afforded a "reasonable opportunity" to litigate their § 1983 claim in state court. However, as noted in *Kelley*,

548 F.3d at 607, this Court has eliminated the "reasonable opportunity" exception. *See Abbott*, 474 F.3d at 330. Because the § 1983 claim against Thornton is not severable and no exception applies, it is barred by the *Rooker-Feldman* doctrine and we lack subject matter jurisdiction to consider it.

Therefore, we **AFFIRM** the dismissal of the Edwards companies' claims for the reasons stated above and in the district court's opinion.