NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 5, 2011

*By the Court:*

No. 10-2790

| | |
|---|---|
| BARBARA A. ALLEN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 09 C 79 |
| IRMCO MANAGEMENT | |
| COMPANY, | Robert W. Gettleman, |
|     *Defendant-Appellee.* | *Judge.* |

## O R D E R

Barbara Allen appeals the district court's dismissal of her Fair Housing Act (FHA) action for lack of jurisdiction under the *Rooker-Feldman* doctrine. We affirm.

Allen, who used to live in a building owned by IRMCO Management Company, suffers from a disability that causes fits of dementia and other symptoms. In this FHA suit, *see* 42 U.S.C. § 3604(f)(1), (2), she claims that IRMCO refused to negotiate changes in her lease, wrongly accused her of falling behind on rent, and evicted her, all because of her disability. She seeks damages for costs incurred looking for new housing, emotional distress on being tossed out, and the value of property that she says was destroyed when the sheriff executed an Illinois court's eviction order. As relevant here, the district court dismissed her

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

complaint under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine explains that Congress has not authorized any federal court other than the Supreme Court to review state-court judgments. *See* 28 U.S.C. § 1257; *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

On appeal Allen asserts that the district court wrongly applied *Rooker-Feldman* to her discrimination claim because, she says, she did not raise the claim in the state-court eviction proceeding. But as the district court recognized, *Rooker-Feldman* is not limited to claims actually raised in state court. *Feldman*, 460 U.S. at 482 n.16; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999). Although there is some question whether a plaintiff like Allen could escape the rule of *Rooker-Feldman* if she lacked a "reasonable opportunity" to raise her discrimination claim as a defense to the eviction, *compare Gilbert*, 591 F.3d at 901-02, *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009), *and Long*, 182 F.3d at 557-58, *with Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008), *and Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007), she makes no argument on this point, nor does she dispute the district court's conclusion that discrimination claims are "germane" to the issue of possession in Illinois, 735 ILCS 5/9-106, and may thus be used to defend against eviction, *Long*, 182 F.3d at 559; *People ex rel. Dep't of Trans. v. Walliser*, 629 N.E.2d 1189, 1196 (Ill. App. 1994); *Marine Park Assocs. v. Johnson*, 274 N.E.2d 645 (Ill. App. 1971).

Accordingly, we AFFIRM the judgment of the district court, and DENY as unnecessary Allen's motion to certify questions of state law to the Illinois Supreme Court.