NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 15, 2017
Decided December 15, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-1794

| | |
|---|---|
| PETER ABATANGELO and CALVITA J. FREDERICK, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 8730 |
| WELLS FARGO BANK, N.A., and DLJ MORTGAGE CAPITAL, INC., *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

After losing their homes in separate foreclosure actions in state court, Peter Abatangelo and Calvita Frederick brought this action under 42 U.S.C. § 1983 against their mortgagees, Wells Fargo Bank and DLJ Mortgage Capital. They demanded that the foreclosure judgments be set aside and that their homes be returned, on the premise that an aspect of the foreclosure process in Illinois denied them equal protection. The district court, relying on the *Rooker-Feldman* doctrine, see *D.C. Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.* 263 U.S. 413 (1923), dismissed the case for lack of subject-matter jurisdiction. We affirm.

The two foreclosure actions before us are wholly unrelated, and so one might wonder why they appear in the same case. See FED. R. CIV. P. 20(a). Nonetheless, misjoinder of parties is not a ground for dismissal, and so we can disregard this problem. See FED. R. CIV. P. 21. In the first case, Wells Fargo filed a foreclosure action against Abatangelo in Illinois circuit court. That court entered a judgment of foreclosure and later confirmed the judicial sale of the residence. Abatangelo appealed, and the Illinois Appellate Court affirmed. *Wells Fargo Bank, N.A. v. Abatangelo*, 2013 WL 6844090, at *4 (Ill. App. Ct. 2013). He then filed petitions for rehearing in the appellate court and for leave to appeal to the Supreme Court of Illinois. Both were denied. In the second case, DLJ filed a foreclosure action against Frederick. There too the circuit court entered a judgment of foreclosure and later confirmed the sale of the property. Frederick appealed, but the appellate court upheld the foreclosure and judicial sale, *DLJ Mortg. Capital, Inc. v. Frederick*, 12 N.E.3d 778, 781 (Ill. App. Ct. 2014), and the state supreme court denied leave to appeal.

Abatangelo and Frederick then jointly filed this federal lawsuit under 42 U.S.C. § 1983, each claiming that the appellate court's decisions in the pertinent foreclosure action violated the federal constitutional right to equal protection. The Illinois Mortgage Foreclosure Law concerning judicial sales, 735 ILCS 5/15-1508(b), they note, restricts appellate challenges to foreclosure judgments. Those seeking to appeal from a foreclosure judgment are more restricted than ordinary appellants in Illinois courts, because the latter are protected by Illinois Supreme Court Rule 301, which provides that a judgment of a circuit court in a civil case is "appealable as of right." The distinction, Abatangelo and Frederick contend, violates the Equal Protection Clause. They asked the district court to invalidate all of the state-court decisions in their cases, order the return of their homes, and dismiss Wells Fargo's and DLJ's foreclosure actions.

The district court initially dismissed the case on the basis of claim preclusion. Plaintiffs moved for reconsideration, but the defendants responded with a request that the court revise the dismissal to reflect a lack of subject-matter jurisdiction. The court granted the defendants' motion and clarified that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The court added that if the case somehow escaped the clutches of that doctrine, it would be barred by claim preclusion. It modified the judgment to show that the dismissal was for lack of jurisdiction, and this appeal followed.

The district court was correct to make this modification. The *Rooker-Feldman* doctrine divests all federal courts except the Supreme Court of subject-matter jurisdiction to adjudicate suits by plaintiffs who effectively seek review of an adverse state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015).

Recognizing that they have a problem, the plaintiffs urge that *Rooker-Feldman* does not apply to their case because they are not "ask[ing] this court to review and reverse" the foreclosure judgments. But that is *precisely* what their complaint asks the district court to do—and much more. And they explicitly ask this court to "send the cases back to the Illinois Appellate Court." Their theory is that the state appellate court denied them equal protection by limiting its review of the foreclosure judgments. It is impossible to grant relief from this perceived harm without "disregarding or effectively vacating" the state-court judgments. See *Mains v. Citibank, N.A.*, 852 F.3d 669, 677 (7th Cir.), *cert. denied*, 86 U.S.L.W. 3128 (U.S. Oct. 2, 2017) (No. 17-89). The plaintiffs' lawsuit seeks reversal of the state appellate-court decisions, as well as the circuit-court decisions. Avoiding the use of the word "reverse" does not change anything. See *id.* at 675 ("Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine."); *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 733 (7th Cir. 1994) (explaining that district court lacks subject-matter jurisdiction to consider constitutional challenge if granting relief effectively would require invalidating state appellate decision).

The plaintiffs also seem to misunderstand the exception to the *Rooker-Feldman* doctrine that allows plaintiffs to raise claims in federal court if they "were not afforded a 'reasonable opportunity' to raise their claims in state court." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901–902 (7th Cir. 2010). They argue that their constitutional claims did not arise until the appellate court issued its decisions, and so they did not have an opportunity to raise them in state court. That is not correct. In *Gilbert*, this court concluded that the plaintiff had a reasonable opportunity to litigate his constitutional claims, which that plaintiff attributed to the appellate court's decision, through a petition for rehearing or an appeal to the state supreme court. *Id.* at 902. The same is true here. See *Hale v. Comm. on Character and Fitness*, 335 F.3d 678, 682–83 (7th Cir. 2003) (invoking *Rooker-Feldman* when state-court litigant had opportunity to file a petition for a writ of certiorari). Both plaintiffs petitioned for rehearing in the appellate court and sought leave to appeal to the Supreme Court of Illinois. Indeed, the plaintiffs expressly note that they raised "the issue of the [c]onstitutional violation" in at least Frederick's petition for rehearing. As the district court noted, "[t]hese allegations establish both

plaintiffs' opportunity to assert the constitutional issue once it was presented[,] and either their failure to do so or the rejection of their contention."

The plaintiffs take the position that they did not have a reasonable opportunity to raise their constitutional claims in state court because their petitions for rehearing and for review by the supreme court were denied. But, as in *Gilbert*, the denials of the plaintiffs' petitions do not mean they lacked the *opportunity* to raise their constitutional claim. See *Gilbert*, 591 F.3d at 902. Moreover, if the constitutional claims did not arise until the appellate court gave its reasons for ruling against them, then they could have appealed to the supreme court as of right under Illinois Supreme Court Rule 317. See *Gilbert*, 591 F.3d at 902 (explaining that Rule 317 authorizes appeal as of right if constitutional claim arises for the first time as result of appellate decision). The plaintiffs bypassed those opportunities, as well as the opportunity to petition for review in the Supreme Court of the United States. See U.S. SUP. CT. RULE 13; *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.") In short, plaintiffs had all the opportunity to raise their federal claims that was required.

In their reply brief, the plaintiffs reverse course to differentiate themselves from the plaintiff in *Gilbert*. They now contend that they could not raise their constitutional claims in the state circuit court because the restrictions on challenging a foreclosure judgment after confirmation of a judicial sale are the result of the Supreme Court of Illinois's ruling in *Wells Fargo Bank, N.A. v. McCluskey*, 999 N.E.2d 321 (Ill. 2013), and *not* the appellate court's rulings in their particular cases. But that is not what they argued in their opening brief, where they insisted that the *McCluskey* decision did *not* prevent the appellate court from broadening the scope of its review.

*McCluskey* holds that the Illinois Mortgage Foreclosure Law displaces the more liberal Illinois Code of Civil Procedure and provides the rules for adjudicating attacks on a judgment of foreclosure after a judicial sale has been confirmed. *McCluskey*, 999 N.E.2d at 323. The Illinois Appellate Court in these cases cited *McCluskey* to support its conclusion that, in challenging the foreclosure proceedings, both plaintiffs were limited to identifying defects in the judicial sale rather than seeking to overturn the underlying judgment of foreclosure. *Abatangelo*, 2013 WL 6844090, at *3; *Frederick*, 12 N.E.3d at 781. This was a new ruling, plaintiffs say, and thus *McCluskey* is the source of their harm and they could not have appealed as of right under Illinois Supreme Court Rule 317.

This argument fails too. Although *McCluskey* was not decided until after the plaintiffs had filed their state-court appeals, they were not harmed directly by that decision. Instead, any harm they suffered flowed from the appellate court's application of the opinion and the preexisting foreclosure statute. And either way, the notion that *McCluskey* is the source of their harm is nonsensical in light of what the plaintiffs now say they seek: a "remand" to the Illinois Appellate Court so that it can start all over again. If such a transfer could occur (and we cannot imagine how), the state appellate court would be bound by a decision of the state supreme court. See *Vill. of Deerfield v. Greenberg*, 550 N.E.2d 12, 16 (Ill. App. Ct. 1990). Despite their arguments to the contrary, the plaintiffs could have raised the scope of their ability to appeal in petitions for leave to appeal to the Supreme Court of Illinois and in petitions for writs of certiorari filed with the Supreme Court of the United States.

*Rooker-Feldman* to one side, we cannot resist adding that underneath all of this is an obviously frivolous complaint. State action is an element of any claim under § 1983. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Private banks are normally not state actors, *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746–748 (7th Cir. 2010), and plaintiffs have not offered any theory that could overcome this gaping hole in their case. One way or the other, this case was doomed. We AFFIRM the judgment of the district court.