**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019[*]
Decided October 24, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1138

| | |
|---|---|
| DAVID DIXON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | No. 18 C 7897 |
| FALEN RICK, *et al.,* | Rebecca R. Pallmeyer, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

David Dixon did not make child support payments, and Illinois state officials seized funds from his bank account to satisfy the debt. Dixon then sued the state officials and his bank in federal court. He requested that the court dismiss the child support claim against him, asserting that the seizure violated his rights to due process and equal protection under the Fourteenth Amendment and his right to be free from involuntary servitude under the Thirteenth Amendment. Although Dixon invoked

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

various federal claims, the district court concluded that, essentially, the complaint challenged state-court proceedings to establish and enforce Dixon's child support obligation. As a result, the court dismissed the case for lack of jurisdiction under the *Rooker-Feldman* doctrine, which prevents federal district courts from setting aside state-court judgments. *See Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

On appeal, Dixon repeats the same legal theories he advanced in the district court but fails to point to any basis for the district court's jurisdiction over his claims. His failure to develop an argument challenging the district court's jurisdictional determination waives his only possible avenue for appellate relief, and we could dismiss his brief on that basis. *See* FED. R. APP. P. 28(a)(8); *Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018). In any event, we agree that the *Rooker-Feldman* doctrine—not to mention the domestic relations exception to federal jurisdiction, *see Ankenbrandt v. Richards*, 504 U.S. 689, 693–95, 716 (1992)—prevented the district court from reviewing the state-court order, *see Gilbert*, 591 F.3d at 900.

AFFIRMED